UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

PEOPLE OF THE STATE OF NEW YORK,

                         Plaintiff,

    -against-

ANTHONY HALL,

                  Defendant.

-------------------------------------------------------------X

12 Civ. 2685 (ALC)

**MEMORANDUM OPINION
AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-17-12

ANDREW L. CARTER JR., United States District Judge:

    The State of New York initiated this criminal prosecution in New York City Criminal Court, New York County on December 30, 2011, alleging that the Defendant committed criminal possession of a forged instrument and attempted grand larceny. (Notice of Removal Ex. A.) On April 6, 2012, the Defendant filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441– 43 and § 1446 removing the action to this Court.

**STANDARD OF REVIEW**

    The Court has the authority to dismiss *sua sponte* an action for which a litigant has paid the filing fee where the case presents no arguably meritorious issue. See Fitzgerald v. First East Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam) (holding that a district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee); Pillay v. Immigration & Naturalization Serv., 45 F.3d 14, 17 (2d Cir. 1995) (per curiam). While the law authorizes dismissal of frivolous actions even if the filing fee has been paid, district courts "remain obligated to construe a *pro se* complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude"

and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed.

Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

A criminal complaint was filed against the Defendant on December 30, 2011 in New

York City Criminal Court, New York County. (Notice of Removal Ex. A.) The Defendant filed

a Notice of Removal on April 6, 2012, arguing that removal was proper pursuant to

28 U.S.C. §§ 1441– 43 and § 1446. (Notice of Removal at 1–5.) The Defendant argues that

removal was proper under § 1442 because "state court officials have impaired the propert[y]

interests" of the Defendant. (Id. at 1.) The Defendant also argues that removal was proper under

§ 1443 because he is being denied due process, he "may not enforce his rights in any state court

proceedings," and he intends to make a claim for damages under 42 U.S.C. § 1983. (Id. at 2–3.)

## DISCUSSION

The right of removal is "entirely a creature of statute" and the "statutory procedures for

removal are to be strictly construed." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32

(2002). Principles of federalism dictate strict construction of the removal statute: "Due regard

for the rightful independence of state governments, which should actuate federal courts, requires

that they scrupulously confine their own jurisdiction to the precise limits which the [removal]

statute has defined." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (quoting

Healy v. Ratta, 292 U.S. 263, 270 (1934)). For that reason, federal courts "must resolve any

doubts against removability." In re Methyl Tertiary Butyl Ether Prod. Liab. Litig., 488 F.3d 112,

124 (2d Cir. 2007) (quotation marks omitted). The removing defendant has the burden of

establishing that removal was proper. See United Food & Commercial Workers Union Local

919 v. Centermark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).

The Defendant has cited 28 U.S.C. §§ 1441– 43 and § 1446 as the basis for removal of this criminal case.  Sections 1441 and 1446 do not provide for removal of criminal cases. Sections 1442 and 1442a permit removal of criminal actions against federal agents and members of the armed forces, respectively.  The Defendant does not suggest that he is a federal agent or a member of the armed forces.

Section 1443 permits removal of cases relating to equal protection violations.  Section 1443(1) protects defendants who are being denied equal protection in a legal proceeding; Section 1443(2) is meant to provide a federal forum to state actors facing liability for upholding equal protection.  Greenberg v. Veteran, 89 F.2d 418, 421–22 (2d Cir. 1989) (discussing the refusal clause).  The Defendant has made two conclusory allegations that he is prohibited from enforcing his rights in state court proceedings, focusing on an alleged due process violation.  The Defendant does not mention an equal protection violation.  The Defendant's allegations are insufficient to bring this prosecution within the scope of § 1443.

Because the Defendant has not identified a statutory basis for removal of this action, and in accordance with this Court's duty to resolve all doubt in favor of remand, this case is remanded to New York City Criminal Court, New York County.  In re Methyl Tertiary Butyl Ether Prod. Liab. Litig., 488 F.3d at 124.

## CONCLUSION

For the foregoing reasons, this action is hereby REMANDED to New York City Criminal Court, New York County.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED:

_____
ANDREW L. CARTER, JR.
United States District Judge

Dated:  April 17, 2012
New York, New York

4